NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PARTIDA,<br><br>        Petitioner,<br><br> vs.<br><br>LELAND McEWEN, Warden,<br><br>        Respondent. | No. C 08-00867 JF (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Petitioner, a state prisoner at Calipatria State Prison proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 31, 2008, the Court dismissed the action without prejudice for Petitioner's failure to pay the filing fee. (Docket No. 4.) Subsequently, the Court granted Petitioner's motion for reconsideration, reopened the action, and granted leave to proceed in forma pauperis. (Docket No. 11.) For the reasons stated below, the Court will dismiss the petition with leave to amend.

## BACKGROUND

According to the petition, Petitioner was found guilty by a jury in San Francisco County Superior Court of burglary in the first degree, sexual battery and false imprisonment. (Pet. at 2.) Petitioner was sentenced on March 17, 2006, to 37 years and 8

1  months to life in state prison.  (Id.)  Petitioner appealed his sentence, and the California
2  Supreme Court denied the petition for review in 2007.  (Id. at 3.)

3        Petitioner filed the instant federal habeas petition on February 8, 2008.

## DISCUSSION

A.    Standard of Review

      A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

      A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.    Petitioner's Claims

      The Court has reviewed the petition and is unable to determine Petitioner's claims. In the attachments to the form petition, Petitioner makes citations to law regarding his right to counsel and conflicts of interest arising from multiple representation by defense counsel of co-defendants, as well as references to a change of venue motion and the right to an impartial jury.  Petitioner includes several pages describing the relationship between an attorney and his client.  Petitioner also attaches several handwritten pages which appear to be in Spanish.  Lastly, Petitioner states that false evidence may be a basis for granting a writ of habeas corpus.  Petitioner states no grounds for relief or makes any specific factual allegations showing that his constitutional rights were violated in the course of his state conviction.

      Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally.  Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).  However, the Court cannot liberally construe claims where no specific factual allegations have been made.  In ordinary civil proceedings, the governing rule, Rule 8 of the Federal Rules of Civil

1  Procedure, requires only "a short and plain statement of the claim showing that the
2  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 2(c) of the Rules Governing
3  Habeas Corpus cases requires a more detailed statement.  The habeas rule instructs the
4  petitioner to "specify all the grounds for relief available to [him]" and to "state the facts
5  supporting each ground."  Rule 2(c), Rules Governing Section 2254 Cases in the United
6  States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d
7  490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient
8  specificity); Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same).  A prime
9  purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist
10 the district court in determining whether the state should be ordered to show cause why
11 the writ should not be granted.  Mayle v. Felix, 545 U.S. 644, 655-56 (2005) (citing 28
12 U.S.C. § 2253).  Conclusory allegations in a habeas petition fail to state a claim and do
13 not suffice to shift the burden to the state to answer an order to show cause.  See Allard v.
14 Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970).  However, where the petition is deficient
15 the petitioner should be given leave to amend.  See Jarvis v. Nelson, 440 F.2d 13, 14 (9th
16 Cir. 1971); Ballard v. Nelson, 423 F.2d 71, 73 (9th Cir. 1970).  Accordingly, the petition
17 is DISMISSED with leave to amend to correct the deficiencies discussed above.
18 Furthermore, Petitioner is advised that the entire petition must be written in English and
19 that anything written in Spanish will be disregarded.
20
21                                         **CONCLUSION**
22      In light of the foregoing, the Court hereby orders as follows:
23      1.      The petition is hereby DISMISSED WITH LEAVE TO AMEND.  Within
24 **thirty (30) days** of the date this order is filed, Petitioner must file an amended petition
25 using this Court's form for habeas petitions.  The amended petition must include the
26 caption and civil case number used in this order, No. C 08-00867 JF (PR), as well as the
27 words AMENDED PETITION on the first page.  Petitioner may not incorporate material
28 from the original petition by reference.

1 **Failure to file an amended petition in accordance with this order in the time**
2 **provided shall result in the dismissal of this action without prejudice.**
3   The Clerk of the Court shall replace "Gente del Estado de California" with Warden
4 Leland McEwen as Respondent in this action.
5   The Clerk shall include two copies of this court's form petition with a copy of this
6 order to Petitioner.
7   IT IS SO ORDERED.
8 DATED: __4/16/10_____
9                                         JEREMY FOGEL
                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO PARTIDA,

        Petitioner,

  v.

LELAND McEWAN, Warden,

        Respondent.

                                      /

Case Number: CV08-00867 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/21/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Partida F22180
Calipatria State Prison
7018 Blair Road
P.O. Box 5007
Calipatria, CA 92233

Dated: 4/21/10

                                          Richard W. Wieking, Clerk