*United States District Court / For the Northern District of California*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PARTIDA, | No. C 08-00867 JF (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| LELAND McEWEN, Warden, | |
| Respondent. | |

Petitioner, a state prisoner at Calipatria State Prison proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. The Court initially dismissed the action without prejudice for Petitioner's failure to pay the filing fee, and then subsequently granted Petitioner's motion for reconsideration, reopened the action, and granted leave to proceed in forma pauperis. (Docket No. 11.) The Court dismissed the original petition with leave to amend. Petitioner filed an amended petition on June 2, 2010. (Docket No. 17.)

**BACKGROUND**

According to the petition, Petitioner was found guilty by a jury in San Francisco County Superior Court of burglary in the first degree, sexual battery and false imprisonment.

(Am. Pet. at 2.)  Petitioner was sentenced on March 17, 2006, to 37 years and 8 months to life in state prison.  (Id.)  Petitioner appealed his sentence, and the California Supreme Court denied the petition for review in 2007.  (Id. at 3.)

Petitioner filed the instant federal habeas action on February 8, 2008.

## DISCUSSION

**A.      Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.      Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims the following: 1) the trial judge committed reversible error by denying Petitioner's motion to substitute new counsel; 2) the trial court committed reversible error by denying Petitioner's motion to admit the testimony of expert witness; and 3) ineffective assistance of counsel for failure to object to the trial court's decision to not allow the admission of expert testimony.  (Am. Pet. at 6.)  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.      The Clerk shall serve by mail a copy of this order and the amended petition, (Docket No. 17), and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state criminal proceedings that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of that the answer is filed.

3. Alternatively, Respondent may, within **sixty (60) days** of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of the Court is directed to substitute Warden Leland McEwen of Calpatria State Prison, where Petitioner is currently incarcerated, as Respondent in this action, pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Cases Under § 2254.

IT IS SO ORDERED.

Dated: 8/9/10

JEREMY FOGEL
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.08\Partida867_osc.wpd           3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO PARTIDA,

        Petitioner,

  v.

LELAND McEWAN, Warden,

        Respondent.
                                      /

Case Number: CV08-00867 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   8/17/10  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Partida F22180  
Calipatria State Prison  
7018 Blair Road  
P.O. Box 5007  
Calipatria, CA 92233

Dated:   8/17/10

                                              Richard W. Wieking, Clerk